**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-1645

BRIAN TOPP

Plaintiff,

v.

LONE TREE ATHLETIC CLUB,

Defendant.

## COMPLAINT

Plaintiff, BRIAN TOPP ("Plaintiff"), by and through his counsel, for his Complaint against Defendant LONE TREE ATHLETIC CLUB ("Defendant") hereby state and allege as follows:

1. Defendant is an athletic club in the Denver, Colorado metropolitan area, including the following location where Plaintiff was employed:

    a. 9995 Park Meadows Drive, Lone Tree, Co 80124.

2. Plaintiff was a non-exempt employee of Defendant.

3. The Defendant denied wages and overtime pay to Plaintiff for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay Plaintiff for all hours worked during his shift and denied him meal breaks as required by law.

4. The Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act (CWA).

5. Plaintiff was subject to the illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages. Plaintiff was also subject to the illegal policy of failing to grant paid rest breaks and unpaid meal breaks to all employees.

6. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 6 of this Complaint as if set forth *verbatim*.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

10. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

11. This Court also has jurisdiction over Plaintiff's claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 (for those employees working in the State of Colorado) because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

12. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as wage and hour claims.

13. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

14. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 13 of this Complaint as if set forth *verbatim*.

15. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA because he was an individual employed by an employer.

16. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.

17. The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1439 (10th Cir.1998). The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls

employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

18. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determine rates and method of payment and was obligated under the law to maintain employment records.

19. Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiff, was solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff.

20. At all times material hereto, Defendant had two (2) or more employees.

21. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

22. Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

23. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

24. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff, at all times material hereto, Plaintiff was non-exempt.

## **PARTIES**

25. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth *verbatim*.

26. At all times pertinent hereto, Plaintiff Brian Topp was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 17327 East Adriatic Place Apt. W102, Aurora, Colorado 80013. At all times pertinent hereto, Plaintiff Topp was a non-exempt employee of the Defendant, working as a "Front Desk Lead" for Defendant at the 9995 Park Meadows Drive, Lone Tree, Colorado 80124 location. Plaintiff Topp worked for Defendant from March 2011 until March 15, 2013.

27. Upon information and belief, Defendant is incorporated in Colorado with a registered agent of Edward Pavletich, 1300 West Alameda Avenue, Denver, Colorado 80223.

## GENERAL ALLEGATIONS

28. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 27 of this Complaint as if set forth *verbatim*.

29. Plaintiff was not properly paid overtime for all hours worked over forty hours.

30. In addition, Plaintiff did not receive thirty-minute meal breaks during his shifts wherein he worked more than five consecutive hours.

31. More specifically, Plaintiff was required by Defendant to work continuously through all meal breaks and was not allowed to consume food as required by law.

32. Plaintiff was also not properly paid overtime for all hours over forty worked for the benefit of the employer in a workweek.

## FIRST CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**

33. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 32 of this Complaint as if set forth *verbatim*

34. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

35. Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1).

36. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

37. Plaintiff was suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

38. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

39. At all relevant times, Defendant was, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

40. Defendant violated the FLSA by failing to pay Plaintiff all of his time worked, including overtime.

41. Defendants is/ was subject to the record keeping and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

42. Defendant violated the FLSA by failing to maintain records of all hours, including overtime worked by Plaintiff.

43. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

44. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

45. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
### Violation of the Colorado Wage Act and Failure to Maintain Records

46. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 45 of this Complaint as if set forth *verbatim.*

47. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

48. Defendant is in the recreation service industry. 7 COLO. CODE REGS. § 1103 -1:2(A).

49. Defendant is required under Colorado law to pay Colorado Plaintiff for his time worked during his scheduled shift and denied and/or interrupted meal breaks. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7; 7 COLO. CODE REGS. § 1103-1:8.

50. Defendant is required under Colorado law to pay Colorado Plaintiff for unpaid wages and overtime work. 7 COLO. CODE REGS. § 1103-1:4.

51. Because Defendant has not paid Colorado Plaintiff for all hours worked and overtime wages, Colorado Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### Unjust Enrichment

52. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 51 of this Complaint as if set forth *verbatim*.

53. Defendant suffered and/or permitted Plaintiff to work without pay in one or more work weeks.

54. Plaintiff was not compensated for this work.

55. Defendant knowingly accepted the work for the operation of its front desk, but Defendant did not compensate Plaintiff for this work.

56. Defendant has been unjustly enriched as a result of its accepting the Plaintiff's labor without proper compensation.

57. It would be unjust to allow Defendant to enjoy the labor which the Plaintiff purchased without proper compensation.

58. Plaintiff's unjust enrichment claim seeks reimbursement for the labor which the Plaintiff worked for the benefit of Defendant in the course of his employment, and for which he reasonably expected to be reimbursed.

WHEREFORE, Plaintiff demands judgment against Defendant, for the payment of compensation for which he has not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

### JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

Dated this June 24, 2013.

Respectfully submitted,

*/s/ Colleen T. Calandra*
Colleen T. Calandra, Esq. (# 41788)
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: 303.893.9800
Facsimile:  303.893.9900
colleen.calandra@coloradolaw.net
*Attorney for Plaintiff*