IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01645-WYD-KLM

BRIAN TOPP,

    Plaintiff,

v.

LONE TREE ATHLETIC CLUB,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Change Caption** [#28][1] (the "Motion"). In his Motion, Plaintiff asks the Court to change the caption to correct the name of Defendant. *Motion* [#28] at 1. This Motion was filed in response to the Court's Minute Order [#26] which instructed Plaintiff to provide legal support for the idea that default judgment may enter against a trade name. *Minute Order* [#26] at 1. As an initial matter, the Motion does not comply with D.C.COLO.LCivR 7.1(d), which, among other things, provides as follows:

> Excluding motions filed under Fed. R. Civ. P. 56 or 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion.

Plaintiff's failure to provide any legal basis for the requested relief is even more egregious because the Motion was filed in lieu of Plaintiff filing the requested brief. *See Minute Order* [#26] at 1. The Motion is subject to denial on this basis alone. Nevertheless, in the interest of expedience, the Court will consider the merits of the Motion.

    The general rule is that "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a). Further, "[t]he summons shall . . . contain . . . the names of the parties . . . ." Fed. R. Civ. P. 4(b). In the Motion, Plaintiff argues that

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

even though the named Defendant is Lone Tree Athletic Club, "Lone Tree Athletic Club, Inc. was properly served and is well aware that it is the correct Defendant in this matter . . . ." *Id.* Generally, to modify a complaint, a plaintiff must file a motion pursuant to Fed. R. Civ. P. 15. Here, however, it appears that the Complaint [#1] identifies Defendant as being "incorporated in Colorado with a registered agent of Edward Pavletich, 1300 West Alameda Avenue, Denver, Colorado 80223." *Complaint* [#1] at ¶ 27. Further, the Complaint was served on Edward Pavletich at the above address on July 5, 2013. *Return of Service Affidavit* [#6] at 1. Accordingly, the registered agent of Lone Tree Athletic Club, Inc. received notice of the lawsuit. The issue, then, is whether an inaccuracy in a defendant's name requires amendment of a complaint when the true defendant has actual notice of the lawsuit and the only portion of the defendant's name omitted from the caption is the designation of what type of entity it is (e.g. "Inc.").

"Litigation should not be reduced to a game of cat and mouse." *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 27 (1st Cir. 2009) (where complaint conveyed plaintiffs' attempt to sue automobile manufacturer and erroneously named the manufacturer as Daimler–Chrysler Corporation instead of the actual manufacturer, a legally distinct but related entity named DaimlerChrysler AG, the latter should have realized it had not been named because of plaintiffs' mistake). Here, Defendant was put on notice of the fact that it was being sued when it was served with the Summons and Complaint which included its name without the "Inc." and the Complaint specifically alleged that Defendant "is incorporated in Colorado." *Complaint* [#1] at ¶ 27; *cf. Kroetz v. AFT-Davidson Co.*, 102 F.R.D. 934, 936-37 (D.C.N.Y. 1984) (defendant "was put on notice of the fact that it was being sued by the fact that the name used in the summons and complaint is a trade name of the defendant."). In addition, "[D]efendant was in no way prejudiced as a result of the misnaming." *Id.* at 937. Further, "Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure provides only that a summons 'be directed to the defendant,' and this rule is 'to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'" *Doe v. Constant*, 354 F.App'x 543, 546 (2d Cir. 2009) (unpublished decision) (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)). Here, Defendant received actual notice and "any defects in the summons were purely clerical." *Id.* at 546.

Accordingly, the Court finds that the Plaintiff's omission of "Inc." in Defendant's name in the caption of the Complaint was merely a scrivener's error that does not require amendment of the Complaint pursuant to Fed. R. Civ. P. 15. Therefore,

IT IS HEREBY **ORDERED** that the Motion [#28] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the caption be amended to reflect that Defendant's name is Lone Tree Athletic Club, Inc. *See United Co. v. Am. Intern. South Co.*, 2008 WL 4587311, at *1 n.1 (Oct. 15, 2008) (ordering that defendant's name be corrected to add "Inc."); *see also Morrell v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) ("service of process is not legally defective simply because the complaint misnames the

defendant in some insignificant way.").

Dated:  March 21, 2014