IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01645-WYD-KLM

BRIAN TOPP,

    Plaintiff,

v.

LONE TREE ATHLETIC CLUB, INC.,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Default Judgment** [#23][1] (the "Motion"). The Motion is referred to this Court for recommendation [#16]. In the Motion Plaintiff asks the Court to enter a default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2). *Motion* [#23] at 1. No response has been filed to the Motion. The Court has reviewed the Motion, the entire case file, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED**. The court further **RECOMMENDS** that Plaintiff be permitted to file and serve an amended complaint, within a time established by the Court.

### I. Factual and Procedural Background

    On June 24, 2013, Plaintiff filed a Complaint against Defendant, alleging violations

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

of the Fair Labor Standards Act ("FLSA"), the Colorado Wage Act ("CWA"), and a claim for unjust enrichment. *Compl.* [#1] ¶¶ 33-58. Defendant "is an athletic club in the Denver, Colorado metropolitan area, including the [Lone Tree, Colorado] location where Plaintiff was employed." *Id.* ¶ 1. Plaintiff alleges that he was employed as a "Front Desk Lead" by Defendant from March 2011 to March 15, 2013, and that he was not compensated as required by law. *Id.* ¶ 26-29. According to the Complaint, "Plaintiff was not properly paid overtime for all hours worked over forty hours." *Id.* ¶ 29. Specifically, Plaintiff alleges that "Defendant denied wages and overtime pay to Plaintiff for hours worked on behalf of Defendant," and that "Defendant failed to pay Plaintiff for all hours worked during his shift and denied him meal breaks as required by law." *Id.* ¶ 3. Plaintiff also alleges that he "did not receive thirty-minute meal breaks during his shifts wherein he worked more than five consecutive hours," and that "Plaintiff was required by Defendant to work continuously through all meal breaks and was not allowed to consume food . . . ." *Id.* ¶ 30-31. According to Plaintiff, Defendant subjected him "to the illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages." *Id.* ¶ 5. Plaintiff also alleges that "Defendant violated the FLSA by failing to maintain records of all hours, including overtime worked by Plaintiff." *Id.* ¶ 42. Plaintiff seeks to recover unpaid wages, overtime compensation, liquidated damages, and statutory damages, including interest and attorney's fees and costs, and also seeks a declaratory judgment. *Id.* ¶¶ 6, 43-45.

Defendant was served with a copy of a summons and the Complaint on July 10, 2013. *See Return of Service* [#6]. Defendant's answer or other response to the Complaint was due on or before July 26, 2013. To date, no answer has been filed on the docket, nor

has Defendant requested an extension of time in which to do so. Defendant has not appeared in this matter.

On September 26, 2013, Plaintiff filed a Motion for Default Judgment requesting the same relief sought by the instant Motion. *See Motion for Default Judgment* [#15]. However, that motion was denied without prejudice for failure to seek entry of default pursuant to Federal Rule of Civil Procedure 55(a) prior to filing a motion for default judgment pursuant to Rule 55(b). *Minute Order* [#17] at 1. On September 27, 2013, Plaintiff filed his Request for Entry of Default [#18], seeking entry of default against Defendant. On October 2, 2013, the Clerk of the Court entered default as to Defendant [#21]. Following entry of default, Plaintiff filed the instant Motion [#23]. Plaintiff also filed a Motion As To Status on Default Judgment [#25] on February 5, 2014, which was referred to the Court for disposition [#31].

## II. Analysis

Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). Pursuant to Fed. R. Civ. P. 55(b), in considering the Motion, the decision to enter default judgment is "committed to the district court's sound discretion . . . ." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation and citation omitted). Further,

3

"[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

**A.     Jurisdiction**

In determining whether the entry of default judgment is warranted here, the Court must first consider whether the Court has subject matter and personal jurisdiction. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

**1.     Subject Matter Jurisdiction**

Plaintiff asserts that the Court has subject matter jurisdiction over this lawsuit based on federal question jurisdiction in accordance with his claims brought pursuant to the FLSA. *See Compl.* [#1] ¶ 8. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's first cause of action arises under the FLSA, a federal statute. *Id.* Therefore, the action arises under the laws of the United States, and the Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

### 2. Personal Jurisdiction

Before analyzing personal jurisdiction, the Court must first address the adequacy of service of process. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). In the Complaint, Plaintiff asserts that Defendant is a company incorporated in Colorado. *Compl.* [#1] ¶ 27. Rule 4(h) of the Federal Rules of Civil Procedure applies to service of process on corporations. That Rule states that a domestic corporation may be served "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). On July 16, 2013, Plaintiff filed a Return of Service demonstrating that a private process server personally served Edward Pavletich, the registered agent for Defendant. *See Return of Service* [#6].

The Court is satisfied that Plaintiff has used due diligence in serving Defendant. Regarding personal jurisdiction, "[P]laintiff need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 773. As alleged in the Complaint, Defendant's principal place of business is located in Lone Tree, Colorado, and the alleged statutory violations took place within the District of Colorado. *Compl.* [#1] ¶ 26-27. Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter.

## B. Entry of Default

As a threshold issue, the Court confirms the propriety of entry of default. Fed. R. Civ. P. 55(a) prescribes that "the clerk must enter the party's default" if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

Plaintiff initiated this lawsuit on June 24, 2013. *See generally Compl.* [#1]. On July 5, 2013, Plaintiff filed a Return of Service signed under oath by a private process server. *See generally Return of Service* [#6]. The server stated that he personally served Edward Pavletich, the registered agent for Defendant, on July 5, 2013. *See id.* at 1. Therefore, Defendant was properly served, and its answer or other response to Plaintiff's Complaint was due on or before July 26, 2013. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not respond to the Complaint or appear in this matter at all. On October 1, 2013, Plaintiff filed a Motion for Entry of Default [#20] and on October 2, 2013, the Clerk of the Court entered default as to Defendant [#21]. Defendant has failed to respond to the entry of default. Defendant has "failed to plead or otherwise defend" this lawsuit. *See* Fed. R. Civ. P. 55(a); *see also State Res. Corp. v. Sirios*, 10-cv-00243-PAB-MJW, 2011 WL 318754, at *2 (D. Colo. Jan. 28, 2011) (holding that entry of default was proper when "[d]efendant's failure to respond [had] thwarted the ability of the Court to resolve the matter on the merits"). Accordingly, the Court finds that the entry of default against Defendant was proper.

**C.    Default Judgment**

After confirming the propriety of the entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted). "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.'" *In Re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d

689, 691 (D.C. Cir.1970)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.*

Federal Rule of Civil Procedure 8 provides that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead "'detailed factual allegations,'" a pleading that asserts only "'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Rather, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Allegations that "are no more than conclusions are not entitled to the assumption of truth." *Id.* at 679. "[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v.*

*G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Following *Iqbal* and *Twombly*, federal courts have declined to enter default judgments based upon complaints lacking sufficient factual allegations to establish liability under the FLSA. *See, e.g., Gonzales v. Gan Israel Pre-School*, No. 12-cv-06304 (MKB), 2014 WL 1011070, at *8 (E.D.N.Y. Mar. 14, 2014) (denying plaintiffs' motion for default judgment on their claims because plaintiffs failed to adequately plead the FLSA's annual gross revenue requirement); *Fernandez v. Main Glatt Corp.*, No. 12-cv-986(SJ)(VVP), 2014 WL 1310287, at *3 (E.D.N.Y. Mar. 14, 2014) ("The complaint here does not provide sufficient allegations for the court to infer that the plaintiff is an employee who falls within either the individual or the enterprise coverage of the FLSA."); *Fraction v. Protection Consultants*, 2010 WL 916661, at *1, 3 (M.D. Fla. Mar. 10, 2010) (denying plaintiff's motion for default judgment on plaintiff's FLSA claim in light of plaintiff's conclusory assertion that defendant was an "enterprise engaged in interstate commerce or in the production of goods for commerce"); *Sabili v. Chase Hotel Mgmt., LLC*, No. 10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (denying plaintiff's motion for default judgment on plaintiff's FLSA claim in light of insufficient factual allegations in the complaint); *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *3 (M.D. Fla. Nov. 24, 2009) (denying plaintiff's motion for default judgment where plaintiff's complaint merely parroted the elements of the FLSA).

In addition to finding that Plaintiff has a basis for relief, default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *Klapprott v. United*

*States*, 335 U.S. 601, 611-12 (1949). The Court accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.*

### 1. The FLSA

"The FLSA requires overtime pay of time and a half of regular pay for an employee who works more than forty hours per week and who is 'engaged in commerce . . . or . . . employed in an enterprise engaged in commerce.'" *Reagor v. Okmulgee Cnty. Family Res. Ctr.*, 501 F. App'x. 805, 808 (10th Cir. 2012) (quoting 29 U.S.C. § 207(a)(1)). Under the FLSA, "'[c]ommerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In order to be eligible for overtime compensation, a plaintiff must show that he is entitled to the FLSA's protection. *Reagor*, 501 F. App'x at 808 (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)).

A plaintiff may prove eligibility under the FLSA "by asserting sufficient facts to plausibly state a claim either (1) that [he], individually, was engaged in commerce or (2) that [the employer] is an enterprise engaged in commerce." *Id.* at 808; *see also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage."); *Tripodi v. Microculture, Inc.*, 397 F. Supp. 2d 1308, 1313 (D. Utah 2005) ("Coverage under the overtime provisions of the FLSA exists: if *either* the employee is engaged in commerce . . . *or* the employer is an enterprise engaged in commerce . . . .") (emphasis in original).

Plaintiff's complaint, when viewed with the scrutiny required by *Twombly* and *Iqbal*, fails to establish Defendant's FLSA liability. Here, Plaintiff's complaint does little more than parrot the statutory language of the FLSA, and fails to provide the necessary factual details

to support Plaintiff's federal claim.

### a. Employer Coverage

As the plain language of the statute indicates, in order to hold an employer liable for failure to pay overtime wages, a plaintiff in an FLSA action must establish that the employer is an "enterprise engaged in interstate commerce." *See* 29 U.S.C. § 207(a)(1). An "enterprise engaged in [interstate] commerce" is defined as an entity that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). *See also id.* § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof").

According to his Complaint, Plaintiff was employed by "an athletic club in the Denver, Colorado metropolitan area," as a "Front Desk Lead." *Compl.* [#1] ¶¶ 1, 26. Plaintiff alleges that "[a]t all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined [in 29 U.S.C. §§ 203(r) and 203(s)]. The annual gross sales volume of the Defendant was in excess of $500,000 per annum." *Id.* ¶ 9. These conclusory statements regarding the FLSA's interstate commerce requirement are reiterated elsewhere in the Complaint. Plaintiff alleges that "[a]t all times material hereto, Defendant was, and continues to be an 'enterprise engaged in commerce' within the meaning of FLSA." *Id.* ¶ 21; *see also id.* ¶ 34 ("At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA."); ¶ 39 ("At all relevant times, Defendant [was] subject

to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce."); ¶ 41 ("Defendant . . . was subject to the record keeping and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.").

Plaintiff's allegations are mere labels and conclusions and "formulaic recitation[s] of the elements" of an FLSA claim, and therefore fail to establish Defendant's FLSA liability. *Iqbal*, 556 U.S. at 678. For employer, or "enterprise," coverage, "there must be an '[e]nterprise engaged in commerce or in the production of goods for commerce.'" *Reagor*, 501 F. App'x at 809 (quoting 29 U.S.C. § 203(s)(1)). "Such an enterprise 'has employees engaged in commerce . . . or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and had "annual gross volume of sales made or business done" of $500,000 or more. *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)(I), (ii)). Here, Plaintiff fails to allege facts that would establish that defendant is "an enterprise engaged in commerce or in the production of goods for commerce" and, thus, fails to establish that Defendant is, as an enterprise, subject to the requirements of the FLSA. The Complaint provides no factual allegations about the nature of Defendant's business. Although Plaintiff alleged that "Defendant is an athletic club in the Denver, Colorado metropolitan area," *see Compl.* [#1] ¶ 1, nowhere in the complaint does Plaintiff allege the kind of services Defendant provides to customers or whether such services are tied to interstate commerce. Therefore, the Court concludes that Plaintiff has failed to plead sufficient facts to support the allegation that Defendant is an employer covered by the FLSA.

### b.     Individual Coverage

Plaintiff also fails to establish individual coverage under the FLSA. Even if an enterprise is not found to be covered by the FLSA, individual employees of an enterprise nevertheless may be covered. *See Reagor*, 501 F. App'x at 808; 29 U.S.C. § 206(a) ("Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . wages . . . ."); 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed.").

"For individual coverage, an employee must directly participat[e] in the actual movement of persons or things in interstate commerce." *Reagor*, 501 F. App'x at 809 (internal quotations omitted); *see also N.M Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof."). "Employees are 'engaged in commerce' within the meaning of [the FLSA] when they are performing work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. "Typically, but not exclusively, employees engaged in the production of goods for interstate of foreign commerce, include those who work in manufacturing, processing and distributing establishments . . . that produce goods for interstate or foreign commerce." *Id.* § 779.104.

As noted above, Plaintiff alleges that he was a "Front Desk Lead" for Defendant "from March 2011 until March 15, 2013."[2] *Compl.* [#1] ¶ 26. In attempting to establish individual coverage under the FLSA, Plaintiff states that he "worked in interstate commerce so as to fall within the protections of the FLSA." *Id.* ¶ 10. Plaintiff also states that "[a]t all times material hereto, Plaintiff was 'engaged in commerce' and subject to individual coverage of the FLSA." *Id.* ¶ 23. These conclusory allegations, without any supporting factual details, fail to establish that Plaintiff was personally engaged in the production of goods for commerce. *See Day An Zhang v. L.G. Apparel, Inc.*, 09-cv-3240 KAM, 2011 WL 900183, at *3 (E.D.N.Y. Feb. 18, 2011) (denying a motion for default judgment where a plaintiff asserted FLSA individual coverage because the complaint failed to provide factual details sufficient to support claim). Plaintiff's job title is mentioned only once and there is no mention of Plaintiff's duties while employed for Defendant. Because Plaintiff has failed to plausibly suggest that he engaged in interstate commerce, the Court cannot draw a reasonable inference that Defendant is liable for overtime pay under the FLSA. *See Iqbal*, 556 U.S. at 678. Thus, the Court finds that Plaintiff fails to establish that he is individually covered under the FLSA.

### c. Willful Violation

Actions to recover unpaid overtime under the FLSA must generally be brought no more than two years after the cause of action accrues. *See* 29 U.S.C. § 255(a). The limitations period is extended to three years only if the plaintiff can show that the violation

---

[2] According to the Colorado Secretary of State website, Lone Tree Athletic Club was formed on August 4, 2011. The entity then changed its name to Lone Tree Athletic Club, Inc., on October 6, 2011. The Court finds no record that the entity existed, under any relevant name, prior to August of 2011. *See* http://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do.

was "willful," or in other words, that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). For statute of limitations purposes, a new cause of action accrues each time the employer issues a paycheck in violation of the FLSA. *See Nealon v. Stone*, 958 F.2d 584, 591 (4th Cir. 1992).

In Plaintiff's Complaint, which was filed on June 24, 2013, he alleges that he "worked for Defendant from March 2011 until March 15, 2013." *Compl.* [#1] ¶ 26. In attempting to extend the limitations period from two to three years under the FLSA, Plaintiff alleges that "Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA." *Id.* ¶ 43. However, Plaintiff alleges no supporting facts in support of this allegation. Unsupported labels and legal conclusions, such as Plaintiff's bare labeling of Defendant's violations as "willful," are insufficient to establish a plausible claim. *See Twombly*, 550 U.S. at 556-57; *see also Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921-22 (D. Ariz. 2010) (finding that plaintiff's complaint, which simply stated "that Defendant 'intentionally, willfully, and repeatedly' violated the FLSA" failed to establish a plausible claim that defendant acted willfully). Thus, because Plaintiff has failed to allege any facts suggesting that Defendant knew its actions violated the FLSA or that it acted recklessly with regard to those actions' legality, the Court cannot accept Plaintiff's conclusion that Defendant's alleged violations of the FLSA were willful. Even if Plaintiff had plausibly alleged sufficient facts to support an FLSA claim, which he has not, his recovery would be limited to those alleged violations that took place within two years of his filing of this action.

#### d.     Failure to Maintain Records

In his Complaint, Plaintiff alleges that Defendant is "subject to the record keeping and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce." *Compl.* [#1] ¶ 41.  Plaintiff also alleges that "Defendant violated the FLSA by failing to maintain records of all hours, including overtime worked by Plaintiff." *Id.* ¶ 42.  As such, Plaintiff asserts he is entitled to damages.  *Id.* ¶ 43.  Again, Plaintiff is seemingly aware of the relevant statutory requirements, but fails to plead sufficient facts to support his claims under the FLSA.

Under the FLSA, employers are required to "make, keep, and preserve" records of their employees including "wages, hours, and other conditions and practices of employment."  29 U.S.C. § 211(c).  An employer's compliance with section 211(c) "determines the burden of proof faced by a plaintiff in establishing the number of overtime hours worked." *McGrath v. Cent. Masonry Corp.*, No. 06-cv-00224, 2009 WL 3158131, at *6 (D. Colo. Sept. 29, 2009) (unpublished).

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes[,] a more difficult problem arises . . . . In such a situation . . . an employee has carried out his burden *if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.*  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employer's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result [may] be only approximate.

*Id.* (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972)) (emphasis added).

Plaintiff has not provided any proof that he has actually performed work for which he was improperly compensated. At a minimum, an FLSA complaint must set forth the approximate number of unpaid regular and overtime hours allegedly worked. *See Dejesus v. HF Mgmt. Serv's, LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (emphasizing that, under the FLSA, allegations merely raising the possibility of an overtime claim but lacking allegations that plaintiffs were scheduled to work forty hours in a given week do not state a plausible claim for relief); *see also Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629-30 (S.D.N.Y. 2007) (holding that where plaintiff indicated the number of hours worked per week, the wage plaintiff was earning, and the total number of weeks plaintiff worked sufficiently alleged damages in an FLSA claim). Specificity in the complaint permits a defendant to evaluate a plaintiff's claim regarding both its likelihood of success and the potential amount of any recovery. *See Zhong*, 498 F. Supp. 2d at 628. Plaintiff's complaint here states only that he "was not properly paid overtime for all hours worked over forty hours." *Compl.* [#1] ¶ 29; *see also id.* ¶ 32 ("Plaintiff was also not properly paid overtime for all hours over forty worked for the benefit of the employer in a workweek."). Plaintiff also alleges that "Plaintiff did not receive thirty-minute meal breaks during his shift wherein he worked more than five consecutive hours." *Id.* ¶ 30.

Plaintiff has failed to submit any evidence "to show the amount and extent of th[e] work [performed] as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687; *see also Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58, 66-68 (2d Cir. 1997). Plaintiff has not submitted his own affidavit, or other documentation, detailing how many hours per week he worked, how many days per week he worked, or how much he was compensated on a weekly basis. While an employee's good faith estimate of the hours he

worked may establish FLSA damages in the absence of employer time records, see *Anderson*, 328 U.S. at 687-88, Plaintiff has not submitted any documentation stating the hours he allegedly worked. Accordingly, there is no basis to support "a reasonable inference as to the extent of the damages" suffered by Plaintiff for any labor law violations. *Anderson*, 328 U.S. at 688.

Even if the Court were to find that Plaintiff's Complaint properly asserted Defendant's FLSA liability, which it does not, the Court would still recommend that the Motion be denied because Plaintiff has failed to establish his damages. On a motion for default judgment, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Serv's, Inc.*, 873 F.2d 38, 40 (2d Cir. 1991). The court must be able to ascertain the amount of damages "with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). A court may make this determination based upon evidence presented at a hearing or upon a review of "detailed affidavits or documentary evidence." *See* Fed. R. Civ. P. 55(b)(2).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A case of unpaid overtime is not complicated to plead.[3] *See U.S. Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the

---

[3] While the Court denies the Motion based on more than one deficiency in the Complaint, the Court also notes that this Recommendation should not be construed as identifying every deficiency in the Complaint.

17

Case 1:13-cv-01645-WYD-KLM Document 32 Filed 06/25/14 USDC Colorado Page 18 of 19

requirements to state a claim of an FLSA violation are quite straightforward."); *see also McDonald v. Kellog Co.*, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) ("[F]ederal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of a FLSA claim."). Nevertheless, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

**D.    State Law Claims**

The Court notes that Plaintiff's only remaining claims—violations of the Colorado Wage Act and unjust enrichment—sound in state law. These are claims which "[f]ederal law neither created . . . nor is federal law a necessary element of [them]." *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 714 (10th Cir. 2012) (citation and quotation omitted). As a result, in order to consider the remaining claims, the Court must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Compl.* [#1] ¶ 8. In addition, Plaintiff does not plead any basis for diversity jurisdiction. Thus, having recommended denial of Plaintiff's Motion for Default Judgment with leave to amend as to his federal claim against Defendant, the Court further **recommends** that the

18

District Judge decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### III. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Default Judgement [#23] be **DENIED**. The Court further **RECOMMENDS** that Plaintiff be permitted to file and serve an amended complaint, within a time established by the Court, which amended complaint must allege facts sufficient to establish Defendant's liability for a violation of the FLSA. IT IS HEREBY **ORDERED** that Plaintiff's Motion As To Status on Default Judgment [#25], which simply inquires as to the status of the Motion, is denied as moot.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 25, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge