IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-01645-WYD-KLM

BRIAN TOPP,

    Plaintiff,

v.

LONE TREE ATHLETIC CLUB, INC.,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on plaintiff, Brian Topp's, Motion For Default Judgment [ECF No. 23] and Magistrate Judge Mix's Recommendation [ECF No. 32] regarding Topp's Motion For Default Judgment [ECF No. 23].  Topp filed his motion on October 31, 2013 and I referred the motion to Magistrate Judge Mix that same day. ECF No. 24.  On June 25, 2014, Magistrate Judge Mix issued her Recommendation [ECF No. 32] regarding Topp's motion and states that it should be denied.  Magistrate Judge Mix's Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Rule 72(b) of the FEDERAL RULES of CIVIL PROCEDURE, and D.C.COLO.LCivR. 72.1.

Magistrate Judge Mix advised the parties that they had 14 days after service of a copy of her Recommendation to file objections to the Recommendation. ECF No. 32, p. 19, ¶ 2.  As of Tuesday, July 15, 2014, no party has filed objections.  Because the parties did not file objections, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] Advisory Committee Notes to FED. R. CIV. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Mix's Recommendation is thorough, well-reasoned, and sound. Further, I agree that Topp's motion should be denied because he failed to allege sufficient facts to establish a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. As such, I *sua sponte* DISMISS Topp's FLSA claims WITHOUT PREJUDICE.

Subject matter jurisdiction in this action is based on federal question jurisdiction under 28 U.S.C. § 1331.[2] The ground for exercising such jurisdiction is Topp's FLSA claims. Because I dismissed Topp's FLSA claims, federal question subject matter jurisdiction no longer exists and this Court lacks subject matter jurisdiction over Topp's Colorado state law claims. Because I dismissed all claims over which this Court had original jurisdiction, I DECLINE to exercise supplemental jurisdiction over Topp's Colorado state law claims and those claims are DISMISSED WITHOUT PREJUDICE.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

[2] Pursuant to 28 U.S.C. § 1331, "[t]he district Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties or the United States."

*See* 28 U.S.C. § 1367(c)(3)[3]; *Smith v. City of Enid by & ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims").

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 32] is **AFFIRMED** and **ADOPTED**. As such, it is

FURTHER ORDERED that Topp's Motion For Default Judgment [ECF No. 23] is **DENIED**. It is

FURTHER ORDERED that Topp's FLSA claims are *sua sponte* **DISMISSED WITHOUT PREJUDICE**. In light of this dismissal and pursuant to the discretion afforded me under 28 U.S.C. § 1367(c)(3), I **DECLINE** to exercise supplemental jurisdiction over Topp's Colorado state law claims. It is

FURTHER ORDERED that Topp has leave to file an amended complaint that sufficiently alleges any claim under the FLSA and any Colorado state law claim. Should Topp choose to file an amended complaint, he **SHALL FILE** the amended complaint **on or before Tuesday, July 29, 2014**.

Dated: July 15, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge

---

[3] Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction . . ."